# Revloc Supply Co., Appellant, *v.* Troxell.

*Corporations—Stock—Stock subscription—Agreement by company to buy back stock—Subscriber to receive on resale income, dividends and increments — Definitions — Words and phrases — Equity—Contract—Maxims.*

1. Where a corporation in accepting a stock subscription agrees on a certain contingency to buy back the stock at par, and, until it has done so, the subscriber "shall have and receive all the income, dividends and accretions thereof," the subscriber, on a resale, is entitled not only to the par value and dividends received by him, but also a proportionate share of the undivided net earnings or surplus.

2. The word "accretions," as used in such a contract, is not synonymous with "dividends," but has a distinct meaning as additions to the assets of the company by way of net earnings or natural increase from the business of the company.

3. In such case, the fact that the legal title to the undivided surplus was in the corporation did not prevent it being an "accretion" to the corporate stock.

4. While a corporation is an entity separate from its stockholders, and is the legal owner of its property, yet in equity, which looks at the substance, the corporate property belongs to the stockholders, each of whom has an interest in the earnings of the corporation.

5. A contract should be so construed as to give effect to every word.

6. He who seeks equity must do equity.

Argued October 8, 1924.    Appeal, No. 145, Oct. T., 1924, by plaintiff, from decree of C. P. Cambria Co., March T., 1923, No. 3, dismissing bill in equity, in case of

Revloc Supply Co. v. W. H. Troxell.   Before MOSCH-
ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART,
SADLER and SCHAFFER, JJ.   Affirmed.

Bill in equity to compel transfer of stock of corpora-
tion.   Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

Bill dismissed.   Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting record.

P. J. *Little,* with him *John E. Cupp,* for appellant.—
If the Revloc Supply Co. offered to perform its part it
is entitled to a decree: Rumsey v. R. R., 203 Pa. 579.

Such thing as partial dividend is never to be pre-
sumed: Atlantic, etc., Tel. Co. v. Com., 66 Pa. 57, 62.

Certain stockholders of a common stock cannot be
entitled to dividends in exclusion of others.   Dividends
accrue to all or none: Struthers v. Clark, 30 Pa. 210,
213.

The shares in a corporation constitute a species of
property entirely distinct from the corporate property:
Bidwell v. Ry., 114 Pa. 535; Monongahela Bridge Co. v.
Traction Co., 196 Pa. 25.

Defendant could not even force the directors to de-
clare a dividend: McLean v. Plate Glass Co., 159 Pa.
112; Struthers v. Clark, 30 Pa. 210.

The word "income" is free from doubt when applicable
to capital stock in the hands of a holder: Thompson's
App., 100 Pa. 478.

The used word "accretions," in the sentence in which
it appears, was intended to have the same meaning as
dividends: Pitts. & S. R. R. v. County, 79 Pa. 210.

Morgan W. *Evans,* for appellee.—The conclusions of
law were fully warranted: Harris Chemical Co. v. Tun-
nel & Co., 261 Pa. 72; McKeesport Machine Co. v. Ins.
Co., 173 Pa. 53; Singer v. Brennan, 19 Pa. Dist. R. 376.

The present contract must be construed most strongly against appellant: Com. v. R. R., 27 Pa. 339; Rung v. Shoneberger, 2 Watts 23, 24; Advance I. S. Co. v. Eagle M. C. Co., 267 Pa. 15, 19; Bole v. Ins. Co., 159 Pa. 53, 56.

Specific performance is not a matter of right but of grace: Rennyson v. Rozell, 106 Pa. 407; Datz v. Phillips, 137 Pa. 203; Chandler v. Chandler, 220 Pa. 311; Girard Mammoth Coal Co. v. Coal Co., 275 Pa. 439; Rigg v. Ry., 191 Pa. 298.

OPINION BY MR. JUSTICE WALLING, November 24, 1924:

The Revloc Supply Company, plaintiff, was a Pennsylvania corporation engaged in the conduct of a store at Revloc, Cambria County, of which W. H. Troxell, the defendant, was general manager. Plaintiff's capital stock was fifty thousand dollars, divided into shares of fifty dollars each. On September 30, 1917, plaintiff entered into a written contract with defendant for the sale to him of one hundred shares of the capital stock at its par value, which was duly received and paid for. The contract contains, inter alia, provisions as follows: "That the Revloc Supply Company will sell to the said W. H. Troxell one hundred (100) shares of its capital stock of the par value of Fifty ($50.00) Dollars per share, and will issue, or cause to be issued, to the said W. H. Troxell a proper certificate or certificates therefor; whereupon the said W. H. Troxell will pay, or cause to be paid upon the delivery of said stock, the sum of Five Thousand Dollars ($5,000.00) in cash, or in an equivalent satisfactory to the treasurer of the said company.

"That upon the termination of the relation of employer and employee existing between the said Revloc Supply Company and W. H. Troxell, for any cause, the Revloc Supply Company shall, within thirty days, purchase the said one hundred (100) shares of the capital stock at par value, being the sum of Five Thousand Dollars ($5,000.00), which stock the said W. H. Troxell

agrees to sell.  Until such time as the said Revloc Supply Company shall have exercised its rights and purchased said stock, as herein provided, the said W. H. Troxell shall have and receive all the income, dividends and accretions thereof......

"The right to purchase herein granted, shall be construed to include any shares issued to the said W. H. Troxell as dividends, upon the same terms and conditions as apply to the original issue."

In November, 1922, plaintiff accepted defendant's resignation as superintendent and he ceased to be in its employ.  Prior thereto plaintiff declared and paid two cash dividends of six per cent each, and in addition had accumulated undivided net earnings or surplus amounting to $37,709.43.  On the termination of defendant's employment, plaintiff duly tendered him the par value of his stock, being $5,000, and demanded a retransfer of the same; defendant refused this on the ground that in addition to the par value he was entitled to his pro rata share of the surplus, to wit, $3,770.94.  Thereupon plaintiff filed this bill to compel a retransfer of the stock; to which an answer and replication were filed and testimony taken.  The trial court made findings of facts and legal conclusions sustaining defendant's contention.  In due course a final decree was entered dismissing the bill; from which plaintiff brought this appeal.

The case turns on the above quoted clauses of the contract, which in our opinion were properly construed by the trial court.  The contract must be treated as a whole (9 Cyc. 579) and, if defendant is entitled to his share of the net earnings, failure to pay or tender the same is fatal to plaintiff's case (Girard Mammoth C. Co. v. Raven Run C. Co., 275 Pa. 439), for he who seeks equity must do equity: Datz v. Phillips, 137 Pa. 203; Kutz's Est., 259 Pa. 548.  These principles are not controverted, but it is contended for appellant that the surplus belongs to the corporation and not to the stock-

holders, and that defendant was entitled only to the two dividends already paid. This ignores the fact that the contract not only gives defendant the "dividends," but the "income" and "accretions" of the stock during his ownership thereof. A contract should be so construed, if possible, as to give effect to every word: 9 Cyc. 580. The words "income" and "accretions" are not synonymous with "dividends" and we cannot assume they were used in vain. The trial court pertinently says: "The word 'accretions' is one that has been used by the courts and by writers in relation to stock as indicating net earnings. Referring first, however, to the definition of the word 'accretions' as defined in Webster's Unabridged Dictionary, we find that it is synonymous with the word accrue; that it means an increase by natural growth; that it comes from the Latin noun accretio, meaning to increase; that in law it means 'the adhering of property to something else by which the owner of one thing becomes possessed of a right to another.'" Then after citing authorities the trial court says: "From all of the above it is apparent that the word 'accretions' has a distinct meaning and means additions to the assets of the company by way of net earnings or natural increase from the business of the company."

Assuming as we must that the word accretions signifies something in addition to dividends, it would seem to embrace the surplus earnings of the corporation. Had the surplus been absorbed by cash or stock dividends, defendant would have received his share and he cannot be deprived thereof by the neglect of the corporate officers to declare the dividends. If so, then, as the matter of dividends rests primarily in the discretion of the directors (McLean et al. v. Plate Glass Co., 159 Pa. 112), had none been declared, defendant would have lost the use of his investment for over five years, although the corporate assets nearly doubled during that time. The contention that surplus earnings cannot be considered until declared as dividends would seem to deprive the

word "accretions" of all meaning in the contract. We deem it unnecessary to consider the definition of the word "income" as used here.

True, the corporation is an entity separate from its stockholders (Goetz's Est., 236 Pa. 630; Bridge Co. v. Traction Co., 196 Pa. 25; Bidwell v. P. O. & E. L. Pass. R. R. Co., 114 Pa. 535) and is the legal owner of its property, yet in equity, which looks at the substance (S. G. V. Co. v. S. G. V. Co., 264 Pa. 265; Kendall v. Klapperthal Co., 202 Pa. 596, 607), the corporate property belongs to the stockholders each of whom has an interest in the earnings of the corporation. That the legal title to the undivided surplus was in the corporation did not prevent it being an accretion to the corporate stock. We cannot overlook the fact that plaintiff is here asking specific performance of a contract on terms that would enable it to retain nearly four thousand dollars which in good conscience belongs to the defendant. A reasonable construction of the contract does not lead to such result, nor is equity required to so decree. The retransfer of the stock would entitle plaintiff to its pro rata share of the undivided surplus (Corgan v. George F. Lee Coal Co., 218 Pa. 386; and see Rose v. Barclay, 191 Pa. 594); for it defendant should be compensated.

The decree is affirmed and appeal dismissed at the costs of appellant.