LOWELL A. MAYBERRY & another, administrators *de bonis non* with the will annexed, *vs.* AGNES LAURA MARY CAREY & others.

Middlesex.    May 20, 1929. — July 3, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Capital and Income. Devise and Legacy,* Capital and income. *Equity Jurisdiction,* Petition for instructions. *Executor and Administrator.*

The residue of an estate was given by the will to a trustee, who was to pay the net income to the testator's widow during her life, with certain remainders. The will further provided that certain rentals and other income from real estate should be paid to the executor until the estate should be distributed and his final account allowed; and that "Wherever in this will I have used the word 'executors,' I include . . . any administrator . . . with the will annexed." A codicil provided: "For the purposes of the administration, settlement or distribution of my estate, I give my executor . . . and my administrator . . . with the will annexed, and the trustee . . . the right to decide what is capital, what is income and what is net income . . . and their decision shall be final." The executor made one determination as to the amount to which, as net income, the life beneficiary was entitled, and died more than a year thereafter without having made any further determination as to income and without having fully administered the estate. Upon a petition for instructions by one who had been appointed administrator *de bonis non* with the will annexed, it was *held*, that

(1) From the terms of the codicil, it was apparent that the testator did not intend that the power to determine capital, income and net income should be vested solely in the individuals designated by him as fiduciaries because of confidence reposed in them by him, but that such power should be an incident to their offices and pass to their successors;

(2) Since the executor had not fully exercised such power, it was the duty of the petitioner to exercise it as to property received by the executor subsequent to his determination of net income, and as to property accumulated by the petitioner;

(3) The trustee would be bound by such determination by the petitioner;

(4) Property so designated as net income by the petitioner should be paid to the trustee;

(5) No contrary intent appearing in the will, the residue of the estate must be considered to have been formed at the death of the testator; and none of the property paid by the petitioner to the trustee as income should be treated by the trustee as capital of the trust fund: it should be paid by the trustee to the life beneficiary as income.

The trustee above mentioned sought instructions as to whether he had the power to determine capital, income and net income if the petitioner failed to exercise such power. Nothing appeared to cause a belief that the petitioner would fail to do so. *Held*, that the trustee in the circumstances was not entitled to instructions.

PETITION FOR INSTRUCTIONS, filed in the Supreme Judicial Court for the county of Middlesex on January 17, 1929, described in the opinion.

The answers of the respondents admitted the facts alleged in the petition. The case was heard by *Crosby*, J., and was reserved by him upon the petition and answers for determination by the full court.

*L. A. Mayberry*, stated the case.

*W. Dexter*, for the respondent John L. Hall, trustee.

*R. Homans*, for the respondent Agnes L. M. Carey.

SANDERSON, J. This is a petition for instructions concerning the duty of the administrators, with the will annexed, and of a trustee, under one article in the will of Arthur A. Carey, who died in 1923. Mr. James Mott Hallowell was appointed sole executor of the will. In a letter dated February 7, 1927, he sets forth the amount of income to which he determined the life tenant to be entitled up to and including December 31, 1926; and the amount therein named was paid. Since then there has been no payment of income, and so far as appears no determination as to income was thereafter made by Mr. Hallowell, who died July 10, 1928, before the estate had been fully administered. Mr. John L. Hall is sole surviving trustee under article twenty of the will.

The plaintiffs are administrators with the will annexed of the estate not already administered of Arthur A. Carey. They ask to be instructed whether the trustee, under article twenty of the will, is entitled to receive the entire income received by the executor, and since his death, by the petitioners, and accumulated in their hands; whether Agnes Laura Mary Carey is entitled to receive the entire income accumulated upon the property since the death of her husband, and if not, whether she is entitled to receive any part thereof, and if so, what portion. The trustee in his answer asks to be instructed whether all the property turned over by

the administrators to him as trustee is to be treated by him as capital of the trust; whether when property is so turned over to him he is bound by the determination of the administrators as to the part of such property to be treated as net income; and whether, if the administrators fail to exercise the discretion reposed in them by the will and codicil, the trustee has power to determine what is income, net income and capital in respect to the property so turned over.

The testator made provisions for his widow by article one of his will, wherein he established a trust fund of $500,000 from which she was to receive the income for life. He made further provisions for her by article twenty: "I give, devise and bequeath all the rest, residue and remainder of my estate, to my friends James Mott Hallowell and Morris Gray already mentioned, their survivor and their successors, in trust however to hold and manage the same, with power to sell, invest and reinvest, and to pay the net income thereof, quarterly or oftener if the cestui desires it, during her life to my wife, Agnes Laura Mary Carey, and upon her death to give the principal in equal shares to my children, the issue and surviving spouse of a deceased child to take and share in said principal in the manner and proportion provided for them by (a), (b) and (c) of Article First." By article twenty-five of his will the testator directed that all rentals and other income from real estate, with certain exceptions, be paid to his executors until his debts are paid, the estate distributed, and the executors' final accounts are allowed, and further provided that article twenty-five should prevail over article twenty wherever the provisions of those articles conflict. Article twenty-six is in the following language: "Wherever in this will I have used the word 'executors,' I include their survivor, and the remaining sole executor in case one does not qualify, and any administrator or administrators with the will annexed." The fourth article of the codicil is in these terms: "For the purposes of the administration, settlement or distribution of my estate, I give my executor or executors, and my administrator or administrators with the will annexed, and the trustee or trustees of each and every trust created by my will, the right to decide what is capital, what

is income and what is net income, and whether expenses shall be paid from capital or income, and their decision shall be final." The executor's determination as to net income to December 31, 1926, was a proper exercise of his discretionary power and is binding upon all parties.

It is apparent that the testator intended to make article four of the codicil so comprehensive in its terms that at all times while his estate was in process of settlement some party charged with the settlement of the estate or with the administration of a trust would have the discretionary power therein granted. He intended to have continuity in the administration of his estate. The power was given not only to his executors, but to any persons who might be appointed administrators with the will annexed. It was a power intended to go with the office and not based upon a personal trust or confidence. See *Greenough* v. *Welles,* 10 Cush. 571. In *Farwell* v. *Jacobs,* 4 Mass. 634, 636, it was said by Parsons, C.J.: " . . . the general rule is, that the duties of an executor, resulting from the nature of his office, and charged upon him as executor, devolve on an administrator *cum testamento annexo;* where the authority is not necessarily connected with a personal trust or confidence reposed in him by the testator . .. . . He [the executor] did not discharge his duty, and it has devolved on the defendant, in his character of administrator *de bonis non cum testamento annexo.*" In *Blake* v. *Dexter,* 12 Cush. 559, 569, it was said by Shaw, C.J.: "In general, where trusts are necessarily connected with the official duties of the executor, and are obviously subservient to the due execution. of the will, the powers and trusts vested in the executor, *qua executor,* are held by necessary implication, to devolve on the administrator *de bonis non,* when not so expressed. In this will both concur; the trusts and powers vested in the executor, are necessarily subservient to his official duties in executing the will, and, therefore, pass to the administrator *de bonis non,* and they are also vested in terms in the one as well as the other." The petition alleges and the answers admit that the proportions of principal and income can be determined from the books of the executor. Inasmuch as the executor named did not fully exercise the power reposed in him by article four

of the codicil, that duty devolves upon the petitioners as administrators with the will annexed for the period from December 31, 1926, to the date of death of the executor. They also have the same duty and power as to property in their control after the death of Mr. Hallowell until the same is paid or transferred to the trustee.

The testator intended that his widow during her life should receive the net income of the rest, residue and remainder of his estate; and, as there are no provisions of the will indicating a different intention, the net income received by the executor and by the administrators with the will annexed and accumulated since the death of the testator is to go to her subject, however, to such right as is given the fiduciaries named in article four of the codicil to determine what is net income. We cannot construe the will to mean that property turned over to the trustee by the administrators as income should be treated as capital. In *Lovering* v. *Minot,* 9 Cush. 151, 157, the court, speaking through Chief Justice Shaw, said: "It is contrary to the presumed intent of the testator, to narrow the benefit intended for the first object of his bounty, for the benefit of an object more remote." In the absence of controlling words to the contrary, the residue must be considered as formed at the death of the testator, *Old Colony Trust Co.* v. *Smith,* 266 Mass. 500, 501. By article twenty of the will the trustee is charged with the duty of paying the income to the widow. The plaintiffs should therefore pay all such accumulated income to Mr. Hall, as such trustee. *Minot* v. *Amory,* 2 Cush. 377, 390. *Lovering* v. *Minot, supra.* In view of the fact that the plaintiffs are charged with the duty of exercising the discretionary power given them by article four of the codicil, and there is no reason to suppose that the power will not be exercised, the question relating to the trustee's duty in case they fail to exercise this power need not now be answered.

A decree may be entered that the trustee under article twenty of the will is entitled to the entire net income received by the executor, and since his death by the plaintiffs and accumulated in their hands; that for the period from December 31, 1926, until the property is turned over by the admin-

istrators to the trustee the administrators are to exercise as to that property the discretionary power given them by article four of the codicil; and that as to such property the trustee is bound by the decision of the administrators as to what is net income, and that the property so designated to be net income is not to be treated by the trustee as capital of the trust fund, but is to be paid to Agnes Laura Mary Carey. Costs as between solicitor and client are to be in the discretion of the single justice.

*Ordered accordingly.*