The Chase National Bank of the City of New York, Successor by Consolidation to The Equitable Trust Company of New York, as Trustee, under a Deed of Trust Entered into between John D. Rockefeller and The Equitable Trust Company of New York, as Trustee, Dated July 3, 1917, Respondent, *v.* Chicago Title and Trust Company, as Executor, etc., of Edith Rockefeller McCormick, Deceased, and Others, Appellants, Impleaded with Harold F. McCormick and Others, Defendants, and Fowler McCormick and Others, Respondents.

First Department, December 27, 1935.

202

*John W. Davis* of counsel [*Otis T. Bradley, Edward J. Willi* and *Cecil L. Head* with him on the brief; *Thomas G. Chamberlain*, attorney], for the appellant Muriel McCormick Hubbard.

*Martin Taylor* of counsel [*Joseph F. Hunter* with him on the brief; *Martin Taylor*, attorney], for the appellant Chicago Title and Trust Company, as executor, etc.

*Edwin A. Falk* of counsel [*Henry Gale* and *Samuel E. Hirsch* with him on the brief; *Ernst, Gale, Bernays & Falk*, attorneys], for the appellants Rissman and Baldwin, as cotrustees, etc., and Rissman, as trustee, etc.

*Harrison Tweed* of counsel [*Eugene Congleton, Chauncey Belknap* and *Wilber Stammler* with him on the brief], *Milbank, Tweed, Hope & Webb*, attorneys for the plaintiff-respondent The Chase National Bank of the City of New York, as trustee, etc.; *Thomas M. Debevoise*, attorney for John D. Rockefeller, Jr., and others, as a committee, etc., defendants-respondents; *John E. Mack*, attorney for Fowler

McCormick, defendant-respondent; and *Curtis, Fosdick & Belknap*, attorneys for The Rockefeller Foundation, The Rockefeller Institute for Medical Research, The General Education Board, and for the guardian *ad litem* of Anita Oser and Peter Max Oser, defendants-respondents.

McAvoy, J.   Plaintiff brought an accounting action to settle its accounts as trustee under an *inter vivos* trust.

The trust instrument was executed by John D. Rockefeller on July 3, 1917, and provided that upon the death of the life beneficiary, Edith Rockefeller McCormick, the principal should be distributed as she might appoint by last will and testament among her descendants and charitable corporations.   In default of appointment by her, the trust instrument directed the trustee to divide the principal into such number of equal shares as there should be children of Mrs. McCormick surviving her and to continue to hold these shares subject to the provisions of the trust instrument.

In January, 1918, Mr. Rockefeller, Mrs. McCormick and the trustee executed an instrument, the express purposes of which were the release of the power of appointment by Mrs. McCormick, the approval of the release by Mr. Rockefeller, and the termination of the power.

Mrs. McCormick died on August 25, 1932, leaving a last will and testament which did not refer to the trust instrument or the power of appointment or the trust property and which gave all of her personal estate, one-twelfth to her son Fowler, two-twelfths to her daughter Mrs. Oser, four-twelfths to her daughter Mrs. Hubbard, and five-twelfths to Edwin D. Krenn, who was not a descendant of Mrs. McCormick or a charitable corporation.   The will contains other provisions which, in our opinion, indicate that it was the intention of Mrs. McCormick not to attempt to exercise the power of appointment.

After the death of Mrs. McCormick, the trustee divided the principal of the trust estate into three equal parts, one for each of the three children of Mrs. McCormick.   The defendant Mrs. Hubbard objected to this division of the trust estate and claimed (1) that the document of 1918 failed to terminate the power of appointment, and (2) that Mrs. McCormick's will operated as an exercise of the power, and might be interpreted in either of two ways.   The interpretation which Mrs. Hubbard preferred was that the will appointed the entire trust estate, four-sevenths to herself, two-sevenths to her sister, Mrs. Oser, and one-seventh to her brother, Fowler McCormick.   As a second choice, she suggested interpreting the will as an appointment of seven-twelfths of the

trust estate, four-twelfths to herself, two-twelfths to Mrs. Oser and one-twelfth to Fowler McCormick, leaving the remaining five-twelfths unappointed.

No other party joined in the objection filed by·Mrs. Hubbard. Her brother, Fowler McCormick, and the guardian *ad litem* for the children of her sister, Mrs. Oser, joined with the trustee in opposing her notion of construction.

The objection of Mrs. Hubbard was overruled by the referee who held, *first*, that the document of 1918 terminated the power of appointment, and, *second*, that, even if the power had not been terminated, still it was not exercised by Mrs. McCormick's will. (155 Misc. 61.) Reading applicable statutory provisions we find: Section 148 of the Real Property Law: " When power is irrevocable. A power, whether beneficial or in trust, is irrevocable, unless an authority to revoke it is granted or reserved in the instrument creating the power."

Section 136 of the Real Property Law defines a beneficial power: " A general or special power is beneficial, where no person, other than the grantee, has, by the terms of its creation, any interest in its execution. A beneficial power, general or special, other than one of those specified and defined in this article is void."

" A general power is in trust, where any person or class of persons, other than the grantee of the power, is designated as entitled to the proceeds, or any portion of the proceeds, or other benefits to result from its execution." (Real Prop. Law, § 137.)

A general power of appointment is not a power in trust under section 137. A general power of appointment is always beneficial. (*Farmers' Loan & Trust Co.* v. *Mortimer*, 219 N. Y. 290.) The only general powers that can be in trust under section 137 are those general powers of sale, etc., possessed by executors and other fiduciaries, and they may be discretionary, *i. e.*, with persons other than the grantee " entitled to " a benefit only if the discretionary power is exercised. (*Belmont* v. *O'Brien*, 12 N. Y. 394, 404.)

Section 138 of the Real Property Law reads: " Special power in trust. A special power is in trust, where either,

" 1. The disposition or charge which it authorizes is limited to be made to a person or class of persons, other than the grantee of the power; or,

" 2. A person or class of persons, other than the grantee, is designated as entitled to any benefit, from the disposition or charge authorized by the power."

The phrase " Special power in trust," under section 138 of the Real Property Law, contained in article 5 relating to " Powers," was intended by the framers of the statute to have inherent in

its scope such a fiduciary obligation in the grantee towards other than the grantor, as would require the grantee to keep the power in existence. Such a fiduciary obligation was deemed sufficient in its operative effect and scope to declare void any attempt by the grantee of a power " in trust " to act affirmatively to destroy the power prior to its natural termination and lapse upon non-exercise in the grantee's last will and testament. We think the power before us comes under this class. Consequently, the document of 1918 was ineffective to operate as an extinguishment of Mrs. McCormick's power, because to permit the same would, in effect, permit her to do more than the scope of her power permitted, *i. e.*, to extinguish her power by a deed. And the grantor has no further interest in the power and no authority to change or enlarge its scope.

Now, as to the question of whether Mrs. McCormick exercised the power by her last will and testament: Her will was dated August 4, 1932, and executed in Illinois with all the formalities required by the State of New York, as well as the State of Illinois. There is no dispute that section 18 of the Personal Property Law of New York, and not the law of Illinois, determines the operative effect of Mrs. McCormick's will as an exercise of her power.

Section 18 reads as follows: " Power to bequeath executed by general provision in will. Personal property embraced in a power to bequeath, passes by a will or testament purporting to pass all the personal property of the testator; unless the intent, that the will or testament shall not operate as an execution of the power, appears therein either expressly or by necessary implication."

Mrs. McCormick's will did not refer to the trust instrument or the power of appointment or the trust property.

Mrs. Hubbard contends that while surrounding circumstances may ordinarily be considered in determining the intention of a testator, they cannot be considered when the question is whether in making a general bequest a testator intended not to exercise a power of appointment.

Section 18 clearly makes the intention of the testator the controlling factor and sanctions the ascertainment of that intention by necessary implication. The presumption created by section 18 is only a rebuttable one.

From the surrounding facts and circumstances proven in the record, it appears that the testatrix had in mind the power in trust, but felt that she had relinquished her right to execute it, and the provisions of her last will and testament imply necessarily that she intended to dispose of her own property only and not that granted in trust by her father. We conclude that there was a failure to

exercise the power and that the trust property did not pass under the statute by her will.

As to the allocation of certain stock dividends to capital or corpus, the trust instrument provided that the trustee, with the consent of the committee, should "have power to determine all questions, whether * * * stock dividends, rights or other things, are to be treated as capital or income," and also gave the trustee the power to determine the mode in which the expenses of the administration of the trust should be borne as between capital and income.

The trust agreement gives the committee very broad power, and, reading it as a whole, it seems to place the exercise of discretion as to allocation of all accruals of stock dividends in the hands of the committee. There was a general empowering clause giving " any other powers necessary or desirable in carrying out the general purposes of this instrument, and may authorize and direct the Trustee to do whatever is necessary or desirable to that end." It seems to us that the provisions of the instrument put power well within the province of the trustee to allocate, as it did, with the consent of the committee, the stock dividends here in question to the corpus as capital, and decline to hold them as income.

The judgment appealed from should be affirmed, with costs to all parties appearing separately and filing separate briefs, payable out of the fund.

MARTIN, P. J., MERRELL, O'MALLEY and UNTERMYER, JJ., concur.

Judgment so far as appealed from affirmed, with costs to all parties appearing separately and filing separate briefs payable out of the fund.