In the Matter of the Estate of JAMES A. HART, Deceased. MARION A. HART et al., as Executors of JAMES A. HART, Deceased, Appellants; BARTHOLOMEW J. O'ROURKE et al., Respondents.— In a proceeding for judicial settlement of an intermediate account of the executors and trustees, the executors appeal from (1) so much of a decree of the Surrogate's Court, Suffolk County, dated September 26, 1968, as sustained certain objections to the account; and (2) an order of the same court, dated November 4, 1968, which denied their motion to resettle said decree. Decree modified, on the law and the facts, by (1) striking out the first decretal paragraph thereof, which sustained Objection 2 and surcharged the accounting parties with $207, and substituting therefor a provision dismissing said objection; (2) reducing, in the third decretal paragraph thereof, the extent to which Objection 4 was sustained and the amount of the surcharge therein from $372 to $300; and (3) striking out the tenth decretal paragraph thereof, which sustained Objections 16 and 17, and substituting therefor a provision dismissing said objections. As so modified, decree affirmed insofar as appealed from. Appeal from the order dismissed as moot, in view of the disposition herein of the appeal from the decree. Costs are allowed to all parties filing separate briefs, payable out of the estate, to cover both appeals. In our opinion, the payment of $207 to move the household goods of a third party from the testator's residence was made in good faith and was a proper expenditure by appellants

under the circumstances presented by this record; and Objection 2, relating thereto, should have been dismissed. The expenditure of $72 for a private guard at the testator's residence subsequent to the burial, to safeguard the property, was also proper; and Objection 4, relating to a total expenditure of $372 for private guards, should have been sustained only to the extent of $300. We are also of the opinion that appellants were correct in allocating to income that portion of payments to stockholders made by Tenneco, Inc., which represented earnings and in allocating to principal that portion thereof which represented return of capital. We find that such was the intention of the testator as expressed in his will by the direction that "all cash dividends * * * shall be income," without referring to distributions which involved return of capital, in view of the fact that the record establishes that he was aware of the distinction between "dividends" and "distributions" (cf. *Matter of Fosdick*, 4 N Y 2d 646, 653; *Matter of Berger* [*Bankers Trust Co.*], 6 Misc 2d 468, 469, 470). If it be assumed that the language of the will is not clear on that question, appellants had "absolute discretion" under the will to resolve that doubt in favor of the allocation to income and principal which they adopted (*Chase Nat. Bank* v. *Chicago Title & Trust Co.*, 246 App. Div. 201, 206, affd. 271 N. Y. 602). Objections 16 and 17, relating to such allocation, should therefore have been dismissed. In all other respects, we agree with the determination of the learned Surrogate. Brennan, Acting P. J., Hopkins, Munder and Martuscello, JJ., concur; Benjamin, J., concurs in part and dissents in part, with the following memorandum: I concur with the majority decision in all respects, except with respect to its decision to modify the decree as to Objections 16 and 17, and as to those objections I dissent and vote to affirm the decree. I believe the dividends should properly be considered income and not principal in whole or part.