## SAWTELL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 3065.

Circuit Court of Appeals, First Circuit.

March 6, 1936.

Charles M. Rogerson, of Boston, Mass. (Roger W. Hardy, of Boston, Mass., on the brief), for petitioner for review.

Arnold Raum, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to Atty. Gen., on the brief), for Commissioner.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

The question is whether the petitioner, Mrs. Sawtell, was properly taxed on the gain on a sale of certain shares of stock which at the time when the sale was made were owned by trustees. The Commissioner held that the gain was income taxable to her, and the Board of Tax Appeals affirmed his decision.

In April, 1930, the petitioner owned 600 shares of the capital stock of the Charlestown Gas & Electric Company represented by voting trust certificates. The stock had been given to her by her husband during the preceding month. After it had become known that the shares were to be sold at a large profit, she transferred them to the Malden Trust Company as trustee on two separate trusts, 300 shares in each, one for each of her daughters. The terms of the trusts were that the trustee should sell the shares and hold the proceeds until January 1, 1931, on which date all the trust property was to be paid over to the grantor if she were then living; if not, each trust was to continue until the daughter of the petitioner, who was made the contingent beneficiary in it, reached the age of twenty-five years. The petitioner was then forty-two years old and in good health. The daughters were six and eight years old respectively. "The controlling motive of the petitioner and her husband in creating the trusts was to effect the sale of the shares of stock through the trusts in such a manner as to reduce the petitioner's individual income tax liability by eliminating the profits from the sale (of the stock) from her income of 1930." (Opinion of Board.)

■ The Board said in its opinion, "It is not to be supposed that in enacting the trust provisions of the statutes Congress intended that they should be availed of by taxpayers merely for the purpose of gaining an advantage in the computation of their tax." It accordingly held that the trusts should be disregarded and the gain taxed to the petitioner personally. This view cannot, we think, be supported. Nothing is better settled than that persons are free to arrange their affairs to the best advantage for themselves under the law as it stands. A purpose to minimize or avoid taxation is not an illicit motive. "A taxpayer may resort to any legal method available to him to diminish the amount of his tax liability." Mathews, J., Commissioner v. Eldridge (C.C.A.) 79 F.(2d) 629, 631. See, too, Bullen v. Wisconsin, 240 U. S. 625, 631, 36 S.Ct. 473, 60 L.Ed. 830; Jones v. Helvering, 63 App.D.C. 204, 71 F.(2d) 214.

In a very recent English case on this point it was said, "It was not, I think denied—at any rate it is incontrovertible— that the deeds were brought into existence as a device by which the respondent might avoid some of the burden of surtax. I do not use the word device in any sinister sense, for it has to be recognized that the subject, whether poor and humble or wealthy and noble, has the legal right so to dispose of his capital and income as to attract upon himself the least amount of tax. The only function of a court of law is to determine the legal result of his dispositions so far as they affect tax." Lord Atkin in Inland Revenue Commissioners v. Duke of Westminster, L.R.1936—A.C. 1, at pages 7, 8. "I confess that I view with disfavour the doctrine that in taxation cases the subject is to be taxed if, in accordance with a court's view of what it considers the substance of the transaction, the court thinks that the case falls within the contemplation or spirit of the statute. The subject is not taxable by inference or by analogy, but only by the plain words of a statute applicable to the facts and circumstances of his case." Lord Russell of Killowen, L.R.1936—A.C. page 24.

■ The trusts in this case were actual transactions legally established. While the petitioner's controlling motive in establishing them was to reduce her tax, it was clearly not the only motive. If she had died before January 1, 1931, it is unquestioned that the trusts would have continued many years for the benefit of her daughters, and that the trust property would not have been administered as part of her estate. Cases of fictitious sales or of transactions which were merely "masquerades" are not in point. Unless the trusts come within section 167, the income was not taxable to the petitioner.

Section 167 under which the tax was levied reads as follows:

"Sec. 167. *Income for Benefit of Grantor*. Where any part of the income of a trust *may, in the discretion* of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor * * * such part of the income of the trust shall be included in computing the net income of the grantor." (Italics supplied.) Revenue Act 1928, chapter 852, 45 Stat. 791, 840, § 167 (26 U.S.C.A. § 167 note).

■ The basic plan of the statute is that income of property held in trust shall be taxed to the fiduciary. The fiduciary is regarded for purposes of taxation as the legal owner of the property and of the in-

come. Section 167 is an exception to this basic plan, and it is referred to as an exception in section 161 (26 U.S.C.A. § 161 and note). Taken in its ordinary meaning, section 167 applies only to trusts in which the grantor has discretion to have the income accumulated for his benefit; it does not include trusts for the direct accumulation of income for the grantor. The Board of Tax Appeals, perhaps being influenced by its erroneous view of the law as above stated, held in the present case that section 167 was capable of a broad enough construction to include trusts like the present one. Subsequently the Board changed its view on this point and overruled that decision; and it now holds that such trusts are not within this section. Preston R. Bassett, Petitioner, v. Com'r, 33 B.T.A. 182, October 11, 1935. General provisions relating to "income accumulated or held for future distribution under the terms of the will or trust" are contained in section 161. The question really is whether the income in question shall be taxed under that section, or whether the language of section 167 should be so broadened by construction as to include it. It is settled that "in statutes levying taxes the literal meaning of the words employed is most important for such statutes are not to be extended by implication beyond the clear import of the language used." Sutherland, J., United States v. Merriam, 263 U.S. 179, 187, 188, 44 S.Ct. 69, 71, 68 L.Ed. 240, 29 A.L.R. 1547.

We do not see how on any reasonable reading of the language of section 167 it can be held to cover trusts like the present one. No doubt the situation before us is a casus omissus, the amendment of this section in the Revenue Act of 1932 (section 167 [26 U.S.C.A. § 167 and note]) and the committee's reports on the change make that clear, but we do not think that in a tax statute the court has power to extend it by construction to include such cases unless they come within the language used on reasonable interpretation of it. "The extension of a tax by implication is not favored." Stone, J., Reinecke v. Gardner, 277 U.S. 239, 244, 48 S.Ct. 472, 474, 72 L. Ed. 866. While the fact that the section was amended so as to include trusts like the one before us is by no means conclusive that it did not include them previously, it does show great doubt on the part of Congress whether the language as it stood did so. On this point we think that the present view of the Board of Tax Appeals is correct and that that contrary rule which it applied in this case was erroneous.

The decision of the Board of Tax Appeals is reversed and the case remanded to that Board for further proceedings not inconsistent with this opinion.