## COMMISSIONER OF INTERNAL REVENUE v. MORRIS.

## MORRIS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 113.

Circuit Court of Appeals, Second Circuit.
June 14, 1937.

L. HAND, Circuit Judge, dissenting in part.

———◆———

Robert H. Jackson, Asst. Atty. Gen., and J. Louis Monarch and Helen R. Carloss, Sp. Assts. to the Atty. Gen., for the Commissioner.

James A. Vaughan, of New York City, for the taxpayer.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

There is no dispute as to the controlling facts which are that Arthur J. Morris, a resident of the state of New York on July 1, 1926, executed five deeds of trust whereby he created five separate trust estates with himself and one H. F. Stevenson the trustees of each. In one his wife was named as the beneficiary and in each of the others one of his four daughters was so named. Each trust was to terminate on January 1, 1930, or at the death of the settlor, if that occurred earlier, and upon termination the principal of each estate was to be transferred with all capital gains to the settlor if living, otherwise to be dealt with as provided in terms not now material.

Each trust provided for the distribution to the beneficiary of the net annual income, or so much thereof as the trustees in their discretion should decide to pay, in monthly or other installments as they deemed advisable.

This controversy relates only to the income taxes of the settlor for the year 1929. During that year there was received by the trustees certain so-called ordinary or investment income of each trust estate, consisting of interest and dividends, that was distributed to the beneficiary who included it in her individual return. The trustees reported that in information returns. They also received gains from the sale of trust assets which were not distributed and which they reported for taxation to them as trustees.

The Commissioner, acting on the theory that all of the income of the estates in trust was taxable to the settlor, added that to the amount reported by him and in that way brought about the deficiency he determined. The Board on review redetermined the deficiency by excluding all capital gains resulting from the sale of trust property and by including the so-called ordinary income of interest and dividends. Both parties are now reviewing that decision.

Speaking first as to the grievance of the taxpayer based on the Board's inclusion of the ordinary trust income, it is necessary to state that one of these New York trusts was construed in Morris v. Morris, 272 N. Y. 110, 5 N.E.(2d) 56, by the New York Court of Appeals which held that the provision for accumulation of such income for the benefit of the settlor was void under article 2, § 16, of the New York Personal Property Law (Consol.Laws, c. 41) and was to be stricken out leaving the income distributable to the beneficiary by the terms of the trust. That construction is binding, of course, upon us and is to be applied here to each of the other trusts.

The decision of the Board treating this income as taxable to the settlor was based upon section 167 of the Revenue Act of 1928 (26 U.S.C.A. § 167 note), providing for the taxation to the grantor of the income of a trust which "may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor or be held or accumulated for future distribution to him." Since the trusts must now be construed in accordance with the above decision of the New York court, the statute upon which the Board relied has become inapplicable and to that extent its decision must be reversed.

The Commissioner's brief was prepared before the above decision of the New York court was rendered and his theory was that, although the provision in each trust for the accumulation of income for distribution to the settlor was void under section 16 of the New York Personal Property Law, he is still entitled to it as the holder of the next eventual estate by virtue of section 11 of the same law and section 63 of the New York Real Property Law (Consol. Laws c. 50). This theory cannot be accepted in view of the controlling decision that the income was distributable to the beneficiaries in accordance with the valid terms of the trusts remaining after the invalid portions were stricken out, since the settlor could never be entitled to it as the holder of the next eventual estate. Government counsel practically conceded, at the argument, that this result necessarily follows from the New York court's decision.

As to its decision regarding the capital gains which has to be added to the principal, regardless of any exercise of discretion by the trustees, for disposal when the trusts terminated, we think the Board was right. It held that as to such income from capital gains absolutely distributable as principal at the termination of the trust section 167 of the 1928 act did not apply. It is evident that in terms it does not, for the statute is expressly limited to situations where the distribution or accumulation may be for the benefit of the grantor or not as he alone or in conjunction with any one not a beneficiary may in his discretion determine. There would be much force, overwhelming perhaps, to the argument of the Commissioner that Congress could not have intended to tax the income of a trust to the grantor when he might in his discretion let it accumulate for his benefit and not have intended to tax it to him when it had to be accumulated for him, were we free to indulge in probabilities. There is, indeed, no plausible reason apparent why, when income which may be accumulated for eventual distribution to the grantor is taxed to him, he should not also be taxed on income which must be accumulated for that purpose. In the Revenue Act of 1932 (section 167 [26 U.S.C.A . § 167 and note]), the tax was so extended. But such considerations are beside the point, for it is well established that in construing a taxing statute the language is what controls when its meaning is plain, United States v. Merriam, 263 U.S. 179, 44 S.Ct. 69, 68 L.Ed. 240, 29 A.L.R. 1547, and where there is doubt it must be resolved in favor of the taxpayer, Gould v. Gould, 245 U.S. 151, 38 S. Ct. 53, 62 L.Ed. 211. Here there is no doubt but that the language falls short of the claimed coverage, and, as there is no room for any sort of equitable construction by which taxes may be imposed by implication, there is no such tax as the Commissioner has tried to impose. Nor does the fact that in the Revenue Act of 1932 Congress changed the law to cover such instances as this indicate more than that the amendment was for the purpose of filling a gap in the previous law. As we cannot find in the plain language of the law any justification for taxing these capital gains to the settlor instead of to the trustees, we affirm the decision of the Board on this point. Sawtell v. Commissioner (C.C.A.) 82 F.(2d) 221.

Decision affirmed as to the taxation of capital accumulations and reversed as to the taxation of investment income.

L. HAND, Circuit Judge (dissenting in part).

The statute (Revenue Act 1928, § 167, 26 U.S.C.A. § 167 note) declares that "where any part of the income of a trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor," it shall be taxed against him. The question is whether this language covers a case where the deed gave part of the income to the grantor outright. I cannot see that the canon of interpretation which bears against the Treasury in tax statutes should influence us; it so happens that Mr. Morris will have a deficiency to pay in this case, but it is impossible to say that either interpretation will in the end favor taxpayers; sometimes they will gain, sometimes they will not. The section means to tax against the grantor everything which He has power to distribute to himself—even when he must get another's assent. If the limitations of this deed had read that the profits of the trust should be distributed to the grantor "in his discretion," the tax would have been good without question. Yet those words would not have limited his power in the least; when no other person's assent is necessary, they only mean that he will have the property if he decides to take it; and that is equally a condition upon an outright gift. It is true that the law recognizes differences between title and a general, beneficial power, but always in favor

of title, which is regarded as more comprehensive dominion, though really it is not. But here the statute extends the grantor's liability to such powers, and yet we exclude title, the completest of all powers; we insist upon an oasis of immunity far back of the border. I do not even see that we can rest upon literal adherence to the text; the section does not suggest that "discretion" must appear in the deed; it speaks of the effect of the limitations, not of their form. I dissent upon the second point.