CLIFFORD v. HELVERING, Commissioner of Internal Revenue.

No. 11431.

Circuit Court of Appeals, Eighth Circuit.

July 19, 1939.

588

Thomas P. Helmey and F. H. Stinchfield, both of Minneapolis, Minn. (Stinchfield, Mackall, Crounse, McNally & Moore and William W. Watson, all of Minneapolis, Minn., on the brief), for petitioner.

S. Dee Hanson, Sp. Asst. to Atty. Gen. (Sewall Key, Sp. Asst. to Atty. Gen., and Mac Asbill, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before GARDNER and THOMAS, Circuit Judges, and WYMAN, District Judge.

GARDNER, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals which sustained a redetermination by the Commissioner of individual income tax liability of petitioner, George B. Clifford, Jr., for 1934. The facts were stipulated, and hence are not in dispute. So far as here material, they are substantially as follows:

On June 20, 1934, petitioner executed a declaration of trust by which he acknowledged that he held certain securities as a trust estate, in trust for the uses and purposes and upon the terms and conditions set out in the trust instrument; that all the net income received from the estate during the continuance of the trust so declared, after payment of all necessary expenses of holding, managing, or administering the estate, including taxes that the trustee might be obliged to pay, should be held for the exclusive benefit of Virginia R. Clifford, petitioner's wife, for a period of five years from the date of the declaration of trust, unless the beneficiary or the settlor should die during that term. At the expiration of the term, or upon the earlier death of the beneficiary or the settlor, the trust should terminate; that the settlor as trustee might pay and distribute to the beneficiary quarterly, or at such other times as he might deem convenient during any calendar year, the whole or any part of the net income as he might in his discretion determine. At the termination of the trust, any and all accrued or undistributed net income, and any proceeds from the investment of such net income, should be deemed and treated as property owned absolutely by Virginia R. Clifford, the beneficiary, as of the time of the termination of the trust, and the remainder of the trust estate should be deemed and treated as property owned by the settlor; that the trustee should have full power and authority to do the following things: "(a) To exercise, or to appoint proxies to exercise, any and all voting powers under any certificates or shares of stock in the trust estate; (b) to retain, or to sell, exchange, mortgage, or pledge any certificates, shares of stock, securities or other items of property or any fractional interest in any of the same now or hereafter in the trust estate; whether as part of the corpus or principal thereof or as investments or proceeds and any income therefrom, upon such terms and for such

consideration as I in my absolute discretion may deem fitting; (c) to invest any cash or money in the trust estate or any income therefrom by lending the same with or without security or by depositing the same in any bank, trust company or other similar institution, or by purchasing secured or unsecured notes or certificates of deposit or by purchasing any bonds, stocks, securities or other personal property of any description, without restriction because of the speculative character of the investment or the rate of return therefrom or any laws pertaining to the investment of trust funds; (d) to collect, receive and hold all dividends, interest, increment and income belonging or due to the trust estate; (e) to compromise, settle, or adjust or release any claims which I may hold as trustee; (f) to hold any securities or items of property or any fractional interest therein, which may be in the trust estate, in the names of other persons or in my own name as an individual except as in this agreement otherwise provided."

Since June 20, 1934, the date of the declaration of trust, petitioner has maintained a separate bank account as trustee, in which he has placed income and cash of the trust. He has, as trustee, issued checks against the trust account to his wife, which have been deposited in the personal bank account of his wife, Virginia R. Clifford. The income of the trust, when received by Mrs. Clifford, was deposited in and intermingled in the same account with income from other securities owned by her, and no separate record was kept by her of the use of the trust income. Since June 20, 1934, petitioner has not withdrawn nor used for his own property any part of the principal or income of the trust, but all of the net income received by him, amounting to $8,453.93, has been distributed to the beneficiary, Virginia R. Clifford, and was included in the income tax returns filed by her for the year. The petitioner filed his income tax return for the year 1934, but did not include any return from the trust. The Commissioner increased the petitioner's taxable income for the year 1934 by the amount of $10,111.23, the gross income of the trust, and upon review the Board of Tax Appeals affirmed the action of the Commissioner.

Respondent admits that in form at least, a trust was created, but contends that for tax purposes the trust should be denied effect because (1) the petitioner possessed the "rights of possession, control and ulti-

mate enjoyment;" (2) the trust instrument was but an assignment of future income from property retained by petitioner; and (3) the income was taxable under Section 166 of the 1934 Revenue Act, 26 U.S.C.A. § 166.

■ That an owner of property may declare himself trustee of his property is now well settled. St. Louis Union Trust Co. v. Becker, 8 Cir., 76 F.2d 851; Becker v. St. Louis Union Trust Co., 296 U.S. 48, 56 S. Ct. 78, 80 L.Ed. 35; Morsman v. Commissioner, 8 Cir., 90 F.2d 18, 113 A.L.R. 441. Thus, in Becker v. St. Louis Union Trust Company, supra, the court said [296 U.S. 48, 56 S.Ct. 79, 80 L.Ed. 35]: "By the declaration of trust here under review, the legal title, possession, and control of the trust estate passed irrevocably from the grantor as an individual to himself as trustee. The effect is no different than if the trustee had been another person."

It is, however, contended by respondent that the trust instrument retained or conferred upon the petitioner as trustee such rights of possession, control and ultimate enjoyment as to render the trust invalid. We have already set forth the provision in the trust instrument which granted petitioner specific powers with reference to the trust estate, but we think these provisions. are not broader than those sustained by us in St. Louis Union Trust Company v. Becker, supra, which was affirmed by the Supreme Court in Becker v. St. Louis Union Trust Company, supra. In that case the settlor declared himself trustee of certain securities for the benefit of a third party and gave the trustee power to sell trust property and to exchange shares of stock and securities in the trust estate upon such terms and for such consideration as the trustee in his absolute discretion might deem fitting. In that case, as in the instant case, the income from the trust property was no longer that of the settlor. That was irrevocably assigned. In the instant case the trust is limited in time, and at the end of five years the corpus of the estate reverts to the petitioner.

■ In Willcuts v. Douglas, 8 Cir., 73 F. 2d 130, 131, the Commissioner contended that the trust was invalid and that the settlor was taxable for the income arising therefrom because by its terms the trust estate was to revert to the creator. In answer to this contention, in an opinion by Judge Stone, we said:

590

"One contention of the Commissioner is that the entire income from this trust is taxable to the creator thereof because, under its terms, the trust estate is to revert to the creator after it has served the purpose of its creation and also the creator is entitled to the surplus annual income of the trust above the required payments to the wife. We do not see why either or both of these provisions should, of themselves, have such result; however, they may bear upon the main contention in this appeal, hereafter to be examined.

"The bald fact that, after an irrevocable trust has served its purpose, the trust estate is to revert to the creator, does not without more, make the income during the trust period that of the creator for tax or any purposes. The statute is aimed at taxation of income."

■■■ Trusts created for a definite period of years are valid though at the time specified the trust ceases and the powers and office of the trustee terminate. If the beneficiary under the terms of the trust receives the income, he must pay the tax thereon. Blair v. Commissioner, 300 U.S. 5, 57 S. Ct. 330, 81 L.Ed. 465. Here the trust vested absolutely in the beneficiary the income for a period of five years. This was an irrevocable provision of the trust. True, the trustee was given a discretion as to time and amount of payment, but if any of the income remained in his possession at the end of the five-year period, when the trust by its terms terminated, it was to go to the beneficiary absolutely. Where, in contemplation of law, the income remains in substance that of the grantor, the trust is, of course, ineffectual. Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391.

■■■ While the powers vested in the trustee with reference to the sale and investment of property are broad, they do not, we think, defeat the trust. Express power to sell all or any part of the trust property, to invest and reinvest the proceeds by purchase, exchange or loans, are commonplace in the field of trusts. 3 Bogert, Trusts and Trustees, §§ 611 and 741. Trustees may be given express power to borrow and for that purpose to hypothecate a trust estate. 4 Bogert, Trusts and Trustees, § 751. The powers with reference to the management and investment of the trust estate are not, we think, such as to extinguish the trust at will or otherwise defeat it. St. Louis Union Trust Co. v. Becker, supra; Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916;

Commissioner v. Waterbury, 2 Cir., 97 F. 2d 383.

The rule announced in Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731, and Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665, to the effect that the actual earner or recipient of income can not by assignment avoid the statutory liability is not pertinent, because as owner of the beneficial interest, the beneficiary here is entitled to the income therefrom and is in turn taxed on that income by the statute. As said in Blair v. Commissioner, supra [300 U.S. 5, 57 S.Ct. 333, 81 L.Ed. 465], "These cases are not in point. The tax here is not upon earnings which are taxed to the one who earns them. Nor is it a case of income attributable to a taxpayer by reason of the application of the income to the discharge of his obligation. * * * There is here no question of evasion or of giving effect to statutory provisions designed to forestall evasion; or of the taxpayer's retention of control. * * * In the instant case, the tax is upon income as to which, in the general application of the revenue acts, the tax liability attaches to ownership."

■■■ Reserving power of control over the trust property does not invest the trustor with control over economic benefits, and this distinction must be recognized. Commissioner v. Waterbury, supra. It is contended by respondent that such control over the corpus and income were given to petitioner as trustee as to make him in effect the absolute owner. The control of the corpus was vested in the grantor as trustee and not as an individual. Distributions of income to the beneficiary were in the discretion of the trustee to be made quarterly or at such other times as the trustee should determine; but upon termination of the trust, as we have already observed, all income was to be deemed and treated as property owned absolutely by the beneficiary and the corpus of the trust was to be deemed and treated as property owned by the grantor. It is clear that the income belonged to the beneficiary regardless of the time of actual payment to her. If not paid to her during the five year period, any part remaining was nevertheless her absolute property. In this respect the grantor definitely fixed the time of payment and put the question of ownership of income beyond all doubt and likewise beyond his control. It was not to accumulate as capital.

Was the petitioner taxable on the income of the trust because of Section 166 of

the Revenue Act of 1934? This provision reads as follows:

"Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

"(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

"(2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, then the income of such part of the trust shall be included in computing the net income of the grantor."

 This question was not passed upon by the Board of Tax Appeals, but it may nevertheless properly be urged here. Helvering v. Gowran, 302 U.S. 238, 58 S.Ct. 154, 82 L. Ed. 224; Helvering v. Rankin, 295 U.S. 123, 55 S.Ct. 732, 79 L.Ed. 1343; Dickey v. Burnet, 8 Cir., 56 F.2d 917.

Prior to 1934, the law provided for taxation of trust income to the grantor where he reserved power to revoke the trust at any time during the taxable year. Revenue Act of 1932, 26 U.S.C.A. § 166; Revenue Act of 1928, Sec. 166, 26 U.S.C.A. § 166 note; Revenue Act of 1926, Sec. 219(g), 44 Stat. 32. The construction placed upon these provisions was that they placed upon the grantor of the trust a liability to taxation on trust income only when revocation might be accomplished during the taxable year. If the trust could not be revoked within the year, the statute did not apply and the income was not taxable to the trust grantor. Langley v. Commissioner, 2 Cir., 61 F.2d 796; Commissioner v. Grosvenor, 2 Cir., 85 F.2d 2; Lewis v. White, D.C., 56 F.2d 390. In Section 166 of the 1934 Act, the words relating to revocation during the taxable year were omitted.

 The grantor in the instant case was given no power of revocation or revestment. The trust was absolute for the period of five years, except that it might terminate sooner by events beyond the control of the petitioner. Generally, a power of revocation is the reservation of a power in the grantor to put an end to the estate granted. Tiffany, Real Property, 2nd Ed. p. 1049. In this Section 166, the word "revest" clearly means the power reserved to the grantor to terminate a granted estate. United States v. First Nat. Bank of Birmingham, 5 Cir., 74 F.2d 360. An existing right in property is not a power, but power is the right, ability or faculty of doing something. 2 Bouv. Law Dict., Rawles Third Revision, page 2646. Here, manifestly, petitioner had no power to divest nor abridge the existing estate, and hence the trust income is not affected by Section 166, supra.

It is urged that administrative construction has been reinforced by subsequent legislation. Treasury Regulations adopted under the 1934 Act prescribed rules for determining whether income of a trust was taxable to the grantor, and in doing so gave as an example a trust for three years, at the end of which time it might be extended for a like period at the option of the grantor and successively thereafter, but in the absence of such an extension the title is once more to revert to the grantor in possession and enjoyment. Treas. Regulations 86, Art. 166—1. Subsequent to the adoption of the regulation, the Revenue Acts of 1936 and 1938 re-enacted Section 166 without change, 26 U.S.C.A. § 166.

 We think there is no basis for the contention of legislative approval. The regulation is in direct conflict with the plain language and the meaning of the statute. A plainly erroneous departmental construction does not become correct by any subsequent reenactment of the provision of the statute to which it pertains. United States v. Missouri Pacific Railroad Co., 278 U.S. 269, 49 S.Ct. 133, 73 L.Ed. 322. Neither does it appear that there is uniformity in the construction. In 1934, a subcommittee of the House Ways and Means Committee made a report on the proposed revenue bill and suggested certain recommendations. C. C. H. Standard Tax Service, 1934, III pp. 6673, 6697, 6707. Among them was the following: "(6) The income from short-term trusts and trusts which are revocable by the creator at the expiration of a short period after notice by him should be made taxable to the creator of the trust."

 In the 1934 Revenue Bill, however, the House made no change in Section 166 as it appeared in the Revenue Act of 1932. The Senate amendment omitted the provision with reference to notice. The Conference Committee adopted the Senate amendment. Where construction is not uniform, it can not be given effect. United States v. Missouri Pacific Railroad Co., supra; Iselin v. United States, 270 U.S. 245, 46 S.Ct. 248, 70 L.Ed. 566. It appears that the Treasury Department not only considered legislation as necessary to tax the in-

come of a trust for a term of years, but it likewise appears that Congress refused to adopt the suggestion. Respondent's contention that the provision for termination of the estate by passage of time or death was a power to revert to petitioner is not sustained by reason or authority, and we can not so hold.

The decision of the Board of Tax Appeals is therefore reversed and the cause is remanded to the Board of Tax Appeals for further proceedings consistent herewith.